## P. P. WINTERMUTE

### *vs.*

### JAMES STINSON,

In an action based upon a contract of loan of money between plaintiff and defendant, it is not material whether a prior agreement between the plaintiff and a third person under which the money loaned to the defendant was paid to the plaintiff as part of its consideration, is against public policy or not.

Where upon an appeal from a judgment, it appears from the case settled that upon the trial below certain depositions were offered and received in evidence, to the reception of which an exception was taken, but the depositions are not set forth in the case settled, nor embraced or referred to in it as exhibits, nor contained in the return upon the appeal, but copies of depositions wholly unauthenticated, which do not appear to be a part of the record in the court below, and which are not of record in this court, are furnished with the paper books, such unauthenticated copies, upon the objection of the adverse party will be excluded from the consideration of the appellate court in the determination of the appeal, and the exceptions taken to the reception of the depositions offered on the trial will be overruled.

Appeal by defendant from a judgment of the court of common pleas of Ramsey county. The case is fully stated in the opinion of the court.

C. K. DAVIS, R. B. GALUSHA & H. N. SETZER for Appellant.

H. J. HORN & I. V. D. HEARD for Respondent.

*By the Court*—McMILLAN, J.—The complaint in this case alleges, that on or about the 29th of January, 1870, the

Wintermute v. Stinson.

plaintiff loaned to the defendant ten thousand dollars, which the defendant was to repay to the plaintiff on demand; avers a demand by the plaintiff, and the refusal of the defendant to pay the said sum or any part thereof; that no part of the same has been paid, and demands judgment. The answer of the defendant simply puts in issue the allegations of the complaint.

It appeared upon the trial that the plaintiff and defendant were corporators named in an act of the legislature of Wisconsin incorporating the Northern Wisconsin Railway Company; that on the 28th of January, 1870, they entered into a contract with Jay Cooke, trustee, by which in consideration of one hundred thousand dollars (fifty thousand cash in hand, and fifty thousand in bonds of the Northern Pacific Railroad Company of the first issue thereof) they sold, transferred and assigned to said Jay Cooke, trustee, all their right, title, interest and estate, of in and to the said charter of the Northern Wisconsin Railway Company, by which contract it was stipulated, among other things, "that the party of the first part (Stinson and Wintermute) will in good faith aid and assist the said party of the second part in obtaining the necessary legislation in Congress, and in the State of Wisconsin, in relation to land grants, corporate privileges, and all other matters needful to contribute to the success of the enterprise; no expense to be incurred by the said party of the first part unless so decided by the said party of the second part, and means provided therefor." That as part of the consideration mentioned in the contract, Cooke paid and delivered to Wintermute, a draft for ten thousand dollars, payable to Wintermute's order; that Wintermute afterwards indorsed this draft and delivered it to Stinson the defendant.

Wintermute, the plaintiff, claims, and his testimony tends
VOL. XVI.—31

to show that the draft was his property, and that the transfer to Stinson was a loan to him of the amount of the draft

Stinson claims, and his testimony tends to show that Wintermute had no interest in the charter transferred to Jay Cooke, trustee, and that in the contract, and the whole business, he acted merely as his, Stinson's, agent, and as such received the draft mentioned from Jay Cooke and that the indorsement and delivery of the draft by Winter mute, was not a loan, but a transfer merely from him, as agent, to Stinson, his principal, of the funds of the latter

The jury returned a verdict for the plaintiff for the amount claimed in the complaint. By the finding of the jury, therefore, the issues are determined in favor of the plaintiff.

A motion for a new trial was made by the defendant, a case settled, and judgment entered in the court below, and from the judgment the defendant takes this appeal.

It is immaterial in this case whether the contract with Jay Cooke, trustee, was against public policy or not, because if it were (which we do not intend to intimate) so far as the payment to Wintermute is concerned it was executed, and even as between Cooke and Wintermute the money passed to the latter beyond recovery by the former. Wintermute, upon the finding in this case, was the owner of the draft and its proceeds; that fact being established, it matters not to Stinson how he became the owner.

The contract upon which this action is based is a contract of loan between the plaintiff and defendant, and the only connection which the agreement with Cooke has with the case is as a matter of evidence to show whether Wintermute, having received the money under that agreement, received it as the agent of Stinson, or in his own right.

We must presume, in the state of this record, that the

depositions of Holcombe and Barron, respectively, were properly received in evidence by the court below.

The facts that " the deposition of Mr Holcombe " and the " deposition of H. D. Barron " were each offered in evidence by the plaintiff; " objected to by the defendant on the ground of being immaterial and incompetent," and the objections overruled by the court, with an exception by defendant to the ruling, are stated in the case settled, as it appears in the return.

But the depositions are not set forth in the case settled by the court, nor embraced or referred to in it as exhibits; nor are they contained in the return upon the appeal.

It is true printed copies of depositions of Henry T. Holcombe and H. D. Barron have been submitted to us with the paper book, but they are entirely unauthenticated; it does not appear in any manner that they are part of the record in the court below; nor are they of record in this court. Being objected to by the plaintiff, they must be excluded from our consideration in determining this case.

The exceptions taken by the defendant to the order permitting the depositions offered upon the trial to be read in evidence must be overruled.

The evidence upon the trial was sufficient to authorize the finding of the jury; the verdict therefore cannot be disturbed.

The judgment appealed from is affirmed.